UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | NO. 1:20-CR- |
| | : | |
| v. | : | (JUDGE          ) |
| | : | |
| **ELISEO SIERRA,** | : | (electronically filed) |
| Defendant. | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant.  Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1.  Waiver of Indictment/Plea of Guilty.  The defendant agrees to

    waive indictment by a grand jury and plead guilty to a felony

    Information, which will be filed against the defendant by the

    United States Attorney for the Middle District of Pennsylvania.

    That Information will charge the defendant with a violation of

    Title 18, United States Code, § 666(a)(1)(A), federal program

    theft.  The maximum penalty for that offense is imprisonment

for a period of 10 years, a fine of $250,000, a maximum term of supervised release of 3 years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense charged in the Information. The defendant waives any defense to the charge in the Information based on any applicable statute of limitations. The defendant agrees that the United States may, at its sole election, reinstate any dismissed charges or seek additional charges in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to reinstatement of those charges, or the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under

2

the Speedy Trial Act for when trial must commence is tolled as
of the date of the defendant's signing of this Plea Agreement.

2. <u>Term of Supervised Release</u>.  The defendant understands that
the court must impose a term of supervised release when
required by statute.  The court may require a term of supervised
release in any other case.  In addition, the defendant
understands that as a condition of any term of supervised
release or probation, the court must order that the defendant
cooperate in the collection of a DNA sample if the collection of a
sample is so authorized by law.

3. <u>No Further Prosecution, Except Tax Charges</u>.  The United
States Attorney's Office for the Middle District of Pennsylvania
agrees that it will not bring any other criminal charges against
the defendant directly arising out of the defendant's
involvement in the offense(s) described above.  However,
nothing in this Agreement will limit prosecution for criminal tax
charges, if any, arising out of those offenses.

3

B. **Fines and Assessments**

4. <u>Fine</u>. The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

5. <u>Alternative Fine</u>. The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

4

6.  <u>Inmate Financial Responsibility Program</u>.  If the court orders a
    fine or restitution as part of the defendant's sentence, and the
    sentence includes a term of imprisonment, the defendant agrees
    to voluntarily enter the United States Bureau of Prisons-
    administered program known as the Inmate Financial
    Responsibility Program, through which the Bureau of Prisons
    will collect up to 50% of the defendant's prison salary, and up to
    50% of the balance of the defendant's inmate account, and apply
    that amount on the defendant's behalf to the payment of the
    outstanding fine and restitution orders.

7.  <u>Special Assessment</u>.  The defendant understands that the court
    will impose a special assessment of $100, pursuant to the
    provisions of Title 18, United States Code, § 3013.  No later
    than the date of sentencing, the defendant or defendant's
    counsel shall mail a check in payment of the special assessment
    directly to the Clerk, United States District Court, Middle
    District of Pennsylvania.  If the defendant intentionally fails to
    make this payment, that failure may be treated as a breach of

5

this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

8. <u>Collection of Financial Obligations</u>. In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

   a. to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

   b. to submit to interviews by the Government regarding the defendant's financial status;

   c. to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

   d. whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented

6

party by the Government regarding the defendant's
financial status;

e.   to authorize the Government to obtain the defendant's
credit reports in order to evaluate the defendant's ability to
satisfy any financial obligations imposed by the court; and

f.   to submit any financial information requested by the
Probation Office as directed, and to the sharing of financial
information between the Government and the Probation
Office.

C.   **Sentencing Guidelines Calculation**

9.   <u>Determination of Sentencing Guidelines.</u>  The defendant and
counsel for both parties agree that the United States Sentencing
Commission Guidelines, which took effect on November 1, 1987,
and its amendments, as interpreted by *United States v. Booker*,
543 U.S. 220 (2005), will apply to the offense or offenses to
which the defendant is pleading guilty.  The defendant further
agrees that any legal and factual issues relating to the
application of the Federal Sentencing Guidelines to the

7

defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

10. <u>Acceptance of Responsibility–Two Levels</u>. If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court to find that the defendant is entitled to a two-level reduction shall not be a basis to void this Plea Agreement.

8

D. <u>**Sentencing Recommendation**</u>

11. <u>Recommendation of Probation</u>. At the time of sentencing, the
United States will recommend affirmatively that the defendant
be placed on probation, if the defendant qualifies under law.

12. <u>Special Conditions of Probation/Supervised Release</u>. If
probation or a term of supervised release is ordered, the United
States may recommend that the court impose one or more
special conditions, including but not limited to the following:

a. The defendant be prohibited from possessing a firearm or
other dangerous weapon.

b. The defendant make restitution, if applicable, the payment
of which shall be in accordance with a schedule to be
determined by the court.

c. The defendant pay any fine imposed in accordance with a
schedule to be determined by the court.

d. The defendant be prohibited from incurring new credit
charges or opening additional lines of credit without

approval of the Probation Office unless the defendant is in compliance with the payment schedule.

e. The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f. The defendant be confined in a community treatment center, halfway house, or similar facility.

g. The defendant be placed under home confinement.

h. The defendant be ordered to perform community service.

i. The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

j. The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k. The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.   The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

m.   The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

E.   **Victims' Rights and Restitution**

13. Victims' Rights.  The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

a.   The right to be reasonably protected from the accused;

b.   The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

c.   The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the

11

victim would be altered materially if the victim heard other testimony at that proceeding;

d.  The right to be reasonably heard at any public hearing in the district court involving release, plea, sentencing, or any parole proceeding. The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e.  The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

f.  The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate

12

the sentencing proceeding," and the court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

g. The right to proceedings free from unreasonable delay; and

h. The right to be treated with fairness and with respect for the victim's dignity and privacy.

14. <u>Restitution</u>.  The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, § 3663A, the court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct.  The defendant also agrees that the Government will seek and the court may impose an order of restitution as to victims of the defendant's relevant conduct.  With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of restitution in full, unless the defendant can

demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments. In addition to the schedule of payments that may be established by the court, the Defendant understands and agrees that, pursuant to the Mandatory Victims Restitution Act of 1996 and the Justice For All Act of 2004, victims of Federal Crime are entitled to full and timely restitution. As such, these payments do not preclude the government from using other assets or income of the Defendant to satisfy the restitution obligation. The Defendant understands and agrees that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victim(s) in a timely fashion. Although the defendant may reserve the right to contest the amount of

14

restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil and/or criminal forfeiture in the amount of the victim restitution owed in this case, and the court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legally and factually necessary for entry of a forfeiture order in this case. The parties agree that any restitution payments obtained by the United States or the victim will be applied by the United States to reduce both the restitution obligation in

15

this case and the amount of the outstanding forfeiture order entered by the court.  The parties further agree that the Government will recommend that any assets recovered through forfeiture proceedings be remitted to crime victims to reduce the defendant's restitution obligation in this case.  The defendant acknowledges that the making of any payments does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligations.  The defendant understands that the amount of restitution calculated for purposes of Chapter 5 of the Sentencing Guidelines might be different from the amount of loss calculated for purposes of Chapter 2 of the Sentencing Guidelines.

15. <u>Amount of Loss/Restitution</u>.  The defendant agrees that $61,337.09 is the amount of the loss resulting from the defendant's actions.  The defendant agrees to make full restitution in the amount of $61,337.09, in accordance with a schedule to be determined by the court.

F.  **Information Provided to Court and Probation Office**

16. Background Information for Probation Office.  The defendant
    understands that the United States will provide to the United
    States Probation Office all information in its possession that the
    United States deems relevant regarding the defendant's
    background, character, cooperation, if any, and involvement in
    this or other offenses.

17. Objections to Pre-Sentence Report.  The defendant understands
    that pursuant to the United States District Court for the Middle
    District of Pennsylvania "Policy for Guideline Sentencing" both
    the United States and defendant must communicate to the
    Probation Officer within 14 days after disclosure of the pre-
    sentence report any objections they may have as to material
    information, sentencing classifications, sentencing guideline
    ranges, and policy statements contained in or omitted from the
    report.  The defendant agrees to meet with the United States at
    least five days prior to sentencing in a good faith attempt to
    resolve any substantive differences.  If any issues remain

17

unresolved, they shall be communicated to the Probation Officer

for inclusion in an addendum to the pre-sentence report. The

defendant agrees that unresolved substantive objections will be

decided by the court after briefing, or a pre-sentence hearing, or

at the sentencing hearing where the standard or proof will be a

preponderance of the evidence, and the Federal Rules of

Evidence, other than with respect to privileges, shall not apply

under Fed. R. Evid. 1101(d)(3), and the court may consider any

reliable evidence, including hearsay. Objections by the

defendant to the pre-sentence report or the court's rulings, will

not be grounds for withdrawal of a plea of guilty.

18. <u>Relevant Sentencing Information</u>. At the sentencing, the

United States will be permitted to bring to the court's attention,

and the court will be permitted to consider, all relevant

information about the defendant's background, character and

conduct, including the conduct that is the subject of the charges

that the United States has agreed to dismiss, and the nature

and extent of the defendant's cooperation, if any. The United

18

States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

19. <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## G.  **Court Not Bound by Plea Agreement**

20. <u>Court Not Bound by Terms</u>.  The defendant understands that the court is not a party to and is not bound by this Agreement, or any recommendations made by the parties.  Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 10 years,

19

a fine of $250,000, a maximum term of supervised release of up to 3 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $100.

21. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this Agreement.

## H.  **Breach of Plea Agreement by Defendant**

22. <u>Breach of Agreement</u>.  In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations.  Whether the defendant has completely fulfilled all

of the obligations under this Agreement shall be determined by the court in an appropriate proceeding during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

23. <u>Remedies for Breach</u>. The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

    a. The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

    b. The United States will be free to make any recommendations to the court regarding sentencing in this case;

    c.  Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

    d.  The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, or other similar grounds.

24. <u>Violation of Law While Plea or Sentence Pending</u>. The defendant understands that it is a condition of this Plea Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the government may petition the court

and, if the court finds by a preponderance of the evidence that
the defendant has committed any other criminal offense while
awaiting plea or sentencing, the Government shall be free at its
sole election to either: (a) withdraw from this Agreement; or (b)
make any sentencing recommendations to the court that it
deems appropriate. The defendant further understands and
agrees that, if the court finds that the defendant has committed
any other offense while awaiting plea or sentencing, the
defendant will not be permitted to withdraw any guilty pleas
tendered pursuant to this Plea Agreement, and the government
will be permitted to bring any additional charges that it may
have against the defendant.

I. **Deportation**

25. <u>Deportation/Removal from the United States</u>. The defendant
understands that, if defendant is not a United States citizen,
deportation/removal from the United States is a possible
consequence of this plea. The defendant further agrees that
this matter has been discussed with counsel who has explained

23

the immigration consequences of this plea.  Defendant still

desires to enter into this plea after having been so advised.

## J.  <u>Appeal Waiver</u>

26. <u>Appeal Waiver – Direct</u>.  The defendant is aware that Title 28,

United States Code, § 1291 affords a defendant the right to

appeal a judgment of conviction and sentence; and that Title 18,

United States Code, § 3742(a) affords a defendant the right to

appeal the sentence imposed.  Acknowledging all of this, the

defendant knowingly waives the right to appeal the conviction

and sentence.  This waiver includes any and all possible

grounds for appeal, whether constitutional or non-

constitutional, including, but not limited to, the manner in

which that sentence was determined in light of *United States v.*

*Booker*, 543 U.S. 220 (2005).  The defendant further

acknowledges that this appeal waiver is binding only upon the

defendant and that the United States retains its right to appeal

in this case.

## K. Other Provisions

27. Agreement Not Binding on Other Agencies. Nothing in this
    Agreement shall bind any other United States Attorney's Office,
    state prosecutor's office, or federal, state or local law
    enforcement agency.

28. No Civil Claims or Suits. The defendant agrees not to pursue or
    initiate any civil claims or suits against the United States of
    America, its agencies or employees, whether or not presently
    known to the defendant, arising out of the investigation,
    prosecution or cooperation, if any, covered by this Agreement,
    including but not limited to any claims for attorney's fees and
    other litigation expenses arising out of the investigation and
    prosecution of this matter. By the defendant's guilty plea in
    this matter the defendant further acknowledges that the
    Government's position in this litigation was taken in good faith,
    had a substantial basis in law and fact and was not vexatious.

29. Plea Agreement Serves Ends of Justice. The United States is
    entering into this Plea Agreement with the defendant because

25

this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

30. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result

of force or threats or promises apart from those promises set forth in this written Plea Agreement.

31. <u>Defendant is Satisfied with Assistance of Counsel</u>. The Defendant agrees that the defendant has discussed this case and this plea agreement in detail with the defendant's attorney who has advised the defendant of the defendant's Constitutional and other trial and appeal rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

32. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on

or before 5:00 p.m., March 17, 2020, otherwise the offer may, in
the sole discretion of the Government, be deemed withdrawn.

33. <u>Required Signatures</u>.  None of the terms of this Agreement shall
be binding on the Office of the United States Attorney for the
Middle District of Pennsylvania until signed by the defendant
and defense counsel and then signed by the United States
Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

4-24-20
Date

ELISEO SIERRA
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

5/7/20
Date

FRANCIS J. MASCIOCCHI
Counsel for Defendant

DAVID J. FREED
United States Attorney

5/19/2020
Date

By: CARLO D. MARCHIOLI
CARLO D. MARCHIOLI
Assistant United States Attorney

CDM/USAO#2017R00490/03.03.2020
VERSION DATE:  November 27, 2017

29